UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORIGA
MACON DIVISION

| | |
|---|---|
| YOLANDA GRISWELL On Behalf of HERSELF and All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> CARESOUTH HEALTH SYSTEM, INC., <br><br> Defendant. | ) <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) CASE NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.  Plaintiff, Yolanda Griswell, brings this collective action lawsuit on behalf of herself and all those similarly situated against Defendant CareSouth Health Systems, Inc., (collectively, "Defendant" or "CareSouth"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2.  Plaintiff alleges that she regularly worked more than forty hours per week without receiving overtime pay, in violation of the FLSA.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4.  Venue is proper under 28 U.S.C. § 1391 because Defendant operated its home health business in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is further proper in the Court, pursuant to

1

Local Rule 3.4, in that the Plaintiff herein resides in the Macon Division of the Middle District of Georgia.

## PARTIES

5. Plaintiff is an individual residing in Forsyth, Georgia.

6. During the relevant time period, Defendant CareSouth's principal place of business was located at One Tenth Street, Suite 500, Augusta, Georgia, 30901 (the "corporate office"). *See* Exhibit A. Defendant CareSouth operated facilities within the Middle District of Georgia, including facilities located in Macon and Milledgeville, Georgia, during the time that claims herein arose.

7. During the relevant time period, CareSouth, Inc. operated 45 home health and hospice operations across seven states, including within the State of Georgia.

8. Defendant CareSouth operated as an enterprise, within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s), and employed Plaintiff and similarly situated home health workers.

9. Defendant employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

## FACTS

10. CareSouth was a privately held provider of home health services until it was acquired on or about November 2, 2015, and its full portfolio of some 45 home health locations across 7 states was subsumed by Encompass Home Health ("Encompass"), a unit of publicly traded Health South Corporation. The reported purchase price was $170 million.

11. Prior to the acquisition, CareSouth was one of the largest privately held home health companies serving the Southeast. According to CareSouth's website:

> Our home healthcare agencies are Medicare-certified and licensed across seven southern states including Alabama, Florida, Georgia, South Carolina, North Carolina, Tennessee, Texas and Virginia. CareSouth's corporate office in Augusta, Georgia, includes a large data center and financial services center.

12. As its website indicated, the corporate office exercised control of both the enormous insurance claims data generated by its home health business and the financial operations of its 45 locations.

13. For example, CareSouth Inc.'s wholly owned subsidiary CareSouth HHA Holdings, LLC, processed all payroll checks for Plaintiff, and the prospective members of the collective, from its corporate office. Payroll statements were processed at the corporate office and then sent to CareSouth's workers in its 45 locations.

14. Similarly, CareSouth issued a handbook from its corporate office in Georgia to Plaintiff, and the prospective members of the collective, that governed the terms and conditions of its employees' employment at CareSouth, including the mandated dress code, telephone etiquette, time keeping procedures, overtime compensation policies, expense reimbursement procedures, sick and vacation pay benefits, insurance benefits, and other related policies and procedures.

15. According to an organizational chart dated April 17, 2012, prepared by CareSouth, the company's field offices were overseen by three Regional Vice Presidents of Operations who reported directly to CareSouth's Chief Operations Officer, Mary Lou Roos. Ms. Roos in turn reported directly to President and Chief Executive Officer, Rick Griffin. *See* Exhibit B.

16. In short, CareSouth exercised enormous operational oversight and control of its workers in its 45 locations.

17. Plaintiff Yolanda Griswell is an adult resident of Forsyth, Monroe County, Georgia. Plaintiff Griswell is a Licensed Practical Nurse ("LPN"), who worked for Defendant during the relevant time period.

18. Specifically, Plaintiff Griswell first worked for Defendant as an LPN, conducting home visits, from approximately March 2011 through March 2014. For approximately one year, between March 2014 and March 2015, Plaintiff worked as a scheduler in CareSouth's Macon, Georgia office and did not conduct home health visits. Plaintiff resumed working for Defendant as an LPN who conducted home health visits in March 2015 and continued to perform this work up to and beyond the date that CareSouth was acquired by Encompass. Plaintiff worked for Defendant first out of its Milledgeville, Georgia office, and was later transferred to its Macon, Georgia office, providing home health care to CareSouth's clients.

19. As an LPN, Plaintiff was responsible for travelling to patients' homes, providing home health care to homebound patients, completing all necessary medical charts and other required paperwork, communicating by phone and email with patients and other health care providers, attending meetings as dictated by CareSouth and performing other duties necessary to perform her job.

20. The terms, conditions, and requirements of Plaintiffs' job as an LPN were set forth, in relevant part, in a CareSouth employee handbook that was developed by CareSouth, Inc. and distributed to its home health workers.

21. Pursuant to a common policy, Defendant paid Plaintiff and other non-exempt home health workers a fee for each patient visit according to a fee schedule.

22. Defendant also paid Plaintiff and other non-exempt home health workers on an hourly basis for time spent attending in-service training and regular weekly case conference meetings. The amounts of such payments were tied to the duration of the trainings or meetings.

23. Plaintiff was paid on the exact same "per visit" basis when she was based out of the Milledgeville, Georgia office, as she was during the time that she was based out of the Macon, Georgia office.

24. Plaintiff typically worked 45 hours per week, often working for as much as 10 hours per day.

25. Throughout the course of her employment with Defendant, Plaintiff and other non-exempt home health workers who were paid on a fee per visit basis regularly worked more than 40 hours per week.

26. Defendant did not pay these non-exempt home health workers overtime for all of the hours they work in excess of 40 during a work week.

27. Additionally, Defendant failed to record all of the time that Plaintiff and other similarly situated workers spent working.

28. Defendant's failure to pay these non-exempt workers proper overtime violates the FLSA because they do not qualify as exempt professionals under the FLSA. *See, e.g.*, 29 C.F.R. §541.301(e)(2) ("Licensed practical nurses and other similar health care employees however, generally do not qualify as exempt learned professionals . . .").

29. Therefore, Defendant's policy of not paying Plaintiff and other similarly situated health care employees any or full overtime premiums violates the law.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All home health care workers employed by Defendant from three years of the filing of this Complaint through November 2, 2015, who (1) provided in-home healthcare in the states of Georgia, Alabama, Florida, South Carolina, North Carolina, Texas, and Virginia, (2) were classified by Defendant as non-exempt, and (3) were paid a fee per visit.

31. Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

32. Plaintiff and the putative members of this collective action are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant did not pay Plaintiff or the putative opt-in plaintiffs proper overtime payments when they worked more than 40 hours per week and were classified by Defendant as non-exempt employees and overtime eligible.

33. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and those she seeks to represent. These issues include (1) whether Plaintiff and other non-exempt home health workers employed by Defendant were eligible to receive overtime compensation under the FLSA; and (2) how Defendant actually paid their non-exempt home health workers who received a fee per visit for hours worked over 40 in a week.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff and other similarly situated employees are entitled to the FLSA's protections.

36. Plaintiff and other similarly situated employees are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

37. Defendant was an employer covered by the FLSA.

38. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

39. Defendant violated the FLSA by failing to compensate Plaintiff and the Class for all hours above 40 worked in a workweek at a rate equal to or above one and one half times the regular rate of pay for that week.

40. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

41. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement for her costs and attorneys' fees if she is successful in prosecuting this action for unpaid overtime wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C. A declaration that Defendant violated the FLSA;

D. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Defendant failed and refused to pay in violation of the FLSA;

E. A finding that Defendant's wage and hour violations were willful;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA; and,

H. Such other and further relief as this Court deems just and proper.

Date: September 29, 2016                              Respectfully submitted,

/s/ _Michael J. Moore_
**MICHAEL J. MOORE**
Georgia Bar No. 520109
POPE McGLAMRY, P.C.
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
(404) 523-7706
Facsimile: (404) 524-1648
michaelmoore@pmkm.com
efile@pmkm.com

**CHARLES W. BYRD**
Georgia Bar No. 100850
POPE McGLAMRY, P.C.
1200 6th Avenue
Columbus, GA 31901-2613
(706) 324-0050
Facsimile: (706) 327-1536
chuckbyrd@pmkm.com
efile@pmkm.com

**JERRY E. MARTIN**
Tennessee Bar No. 20193
**SCOTT P. TIFT**
Tennessee Bar No. 27592
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900

Nashville, TN 37219
(615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
stift@barrettjohnston.com

\* *Pro Hac Vice* Motions Anticipated

**PETER WINEBRAKE\***
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com

\* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*